UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARQUITA BROWN | * | CIVIL ACTION |
| VERSUS | * | NO. 26-1592 |
| LCMC TULANE LAKESIDE HOSPITAL | * | SECTION "A" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff filed this *pro se* employment discrimination case on July 20, 2026. The following day, I granted Plaintiff's motion to proceed *in forma pauperis* but ordered her to "show cause why her Complaint should not be summarily dismissed as frivolous and/or failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)." ECF Nos. 1–3, at 6. Plaintiff later enrolled counsel who filed a response to the show cause, which failed to comply with the show cause order's requirement that she set forth specific facts to support her cause of action. ECF Nos. 7 & 9. I then granted Plaintiff another opportunity to set forth specific facts to support her cause of action, and Plaintiff filed another response along with an Amended Complaint. ECF Nos. 10–12.

Having reviewed Plaintiff's responses and amended complaint, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.2(C), the Court RECOMMENDS that plaintiff Marquita Brown's complaint be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

Plaintiff's initial complaint alleged that her employer Defendant LCMC Tulane Lakeside Hospital ("LCMC"), violated Title VII of the Civil Rights Act of 1964. ECF No. 1, at 3. Plaintiff alleged that, after she began working in April 2025, LCMC discriminated against her on the basis of her race, retaliated against her "after reporting a nurse," and suspended her "due to lack of patient care" on July 17, 2026. ECF Nos. 1, at 4; 1-1, at 5.

Plaintiff's attached EEOC charge provides additional facts. Specifically, she alleged racial discrimination and retaliation "after submitting an email to my nursing lead regarding harassment by a nurs[e] on the unit, instead of doing something about it[, t]he harassment increased with other nurses joining in." ECF No. 1-1, at 5. Plaintiff alleged that, after she reported the "harassment," her regular and overtime hours were decreased, with PRN workers getting more hours than her. *Id.* As a result of her increased anxiety, Plaintiff alleged that she was forced out of her job. *Id.*

In response to the Show Cause Order, Plaintiff argued that her pleadings are entitled to the "benefit of liberal construction" because she filed this lawsuit *pro se* and asks that the Court review her Amended Complaint consistent with Rule 8 of the Federal Rules of Civil Procedure. ECF No. 11, at 1–2 (citation modified). In her Amended and Supplemental Complaint, Plaintiff alleges that she was "continuously harassed by her Supervisor[,] Registered Nurse Laura" (last name unknown) and falsely accused of job negligence resulting in her termination. ECF No. 12, at 2. As to the alleged harassment by Nurse Laura, Plaintiff alleges:

- Nurse Laura "belittled, berated, and yelled" at her which made her feel "less valued or respected in a room of patients." *Id.* at 3.
- Plaintiff "was forced to lift a very heavy vital [m]achine over wires because Nurse Laura refused to move out of the doorway" *Id.*
- Nurse Laura stared at Plaintiff while she was taking care of a patient "in an attempt to intimidate" her.

*Id.* at 3–4. Plaintiff asserts that, after she reported Nurse Laura to the director in June 2026, she "was the subject of write[-]ups and job suspensions." *Id.* at 4. She alleges that she "was the subject of a meeting between the Human resources director and" the nursing director and that when she "insisted on having her legal counsel accompany her, she [w]as terminated from her job due to 'abandonment.'" *Id.*

In her Amended Complaint, Plaintiff seeks to join Clinical Director Dana C. Lockhart and Supervising Nurse Laura as defendants and states that she brings her case under Title VII for

"harassment, retaliation, and hostile work environment" as well as La. Rev. Stat. § 23:301, *et seq.*, which is Louisiana's Employment Discrimination Law. *Id.* at 2.

## II. APPLICABLE LAW

### A. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[1] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[2] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[3] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[4]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[5] A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] A court may not dismiss a claim simply because the facts are "unlikely."[7] A factually frivolous claim alleges

---

[1] *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (holding that proceeding *in forma pauperis* in civil matters is a "privilege extended to those unable to pay filing fees when the action is not frivolous or malicious"); *see also Bass v. Parkwood Hosp.*, 180 F.3d 234, 240 (5th Cir. 1999) (affirming district court's revocation of *in forma pauperis* status).
[2] *Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1–2 (E.D. La. Feb. 3, 2011), *R.&R. adopted,* 2011 WL 740909 (Feb. 22, 2011).
[3] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[4] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[7] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[8] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[9]

**B. Pleading Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[10] While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s],"[11] and naked assertions devoid of further factual enhancement will not suffice to demonstrate a short and plain statement of the claim showing that the pleader is entitled to relief. The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[12]

Of course, a plaintiff need not plead facts sufficient to establish a prima facie case under the *McDonnell Douglas*[13] framework to state an employment discrimination claim.[14] However, a plaintiff must plead sufficient facts on all of the ultimate elements of a claim to make her case

---

[8] *Id.* (quoting *Denton*, 504 U.S. at 32–33).
[9] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[10] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700625 (Feb. 29, 2012).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).
[12] *Twombly*, 550 U.S. at 555.
[13] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).
[14] *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); *see also Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

plausible.[15] The ultimate question in a Title VII discrimination case is "whether a defendant took the adverse employment action against a plaintiff because of her protected status."[16] Thus, a plaintiff must allege facts—either direct or circumstantial—plausibly showing an adverse employment action taken against her because of her race or that LCMC treated similarly situated employees outside of her protected class more favorably.[17] Similarly, for a hostile environment claim, a plaintiff must allege facts that establish that: "(1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; [and] (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action."[18] Merely alleging harassment, without any indication that the harassment was race-based, is insufficient.[19]

Likewise, the three elements of a prima facie case of retaliation under Title VII are: "(1) that the plaintiff engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action."[20] Thus, a plaintiff must plausibly allege facts going to the ultimate elements of a

---

[15] *Chhim v. Univ. of Tex. at Aus.*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam); *see also Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021).

[16] *Whitlock v. Lazer Spot, Inc.*, 657 F. App'x 284, 286 (5th Cir. 2016) (emphasis omitted) (quoting *Raj*, 714 F.3d at 331).

[17] *Raj*, 714 F.3d at 331; *see also Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502 (5th Cir. 2023) (en banc) (citing cases); *Cicalese v. Univ of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); *see also Chhim*, 836 F.3d at 470; *Stone v. La. Dep't of Revenue*, 590 F. App'x. 332, 339 (5th Cir. 2014).

[18] *Grant v. St. John the Baptist Par. Sch. Bd.*, No. 24-2616, 2026 WL 1945047, at *9 (E.D. La. July 6, 2026) (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

[19] *Id.* (citing *Decou-Snowton v. Jefferson Par.*, No. 21-1302, 2022 WL 4245492, at *7 (E.D. La. Sept. 15, 2022) ("No matter how toxic or unpleasant the environment was, Snowton points to no comments or actions that were based on race or gender, thus, nothing sustains a race- or gender-based hostile work environment claim."); *Baker v. FedEx Ground Package Sys., Inc.*, 278 F. App'x 322, 329 (5th Cir. 2008) ("The phrases 'fired girl walking' and 'stupid' are not 'based on race' and, thereby, do not sustain a race-based hostile work environment claim)).

[20] *Abbt v. City of Houston*, 28 F.4th 601, 610 (5th Cir. 2022); *see also Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009); *Evans v. City of Houston*, 246 F.3d 344, 352 (5th Cir. 2001).

retaliation claim to properly state a claim.[21] And while a plaintiff need not present evidence to establish a prima facie case of retaliation to state a claim, the prima facie standard is relevant because a plaintiff must plead sufficient facts on all elements necessary to raise a plausible retaliation claim.[22]

## III. ANALYSIS

### A. Interpretation of Pro Se Pleadings

In her response to the Show Cause Order and Reasons, Plaintiff alleges that her pleadings should be liberally construed because she is proceeding *pro se*. ECF No. 11, at 1–2. While Plaintiff may have filed her initial Complaint *pro se*, she has since retained counsel who filed the Responses to the Show Cause Order and the Amended and Supplemental Complaint. Now having the benefit of counsel, she is not afforded the generous construction typically applied to pro se pleadings.[23]

### B. Addition of Individual Employees

Title VII imposes liability on employers—not employees. The Fifth Circuit has explained that it "does not interpret the statute as imposing individual liability."[24] Indeed, "a Title VII suit against an employee is actually a suit against the corporation."[25]

In her Amended and Supplemental Complaint, Plaintiff attempts to add the individual

---

[21] *Wright*, 990 F.3d at 433 (citing *Cicalese*, 924 F.3d at 768 (vacating Rule 12(b)(6) dismissal of a Title VII claim, despite lack of evidence, because plaintiffs plausibly alleged disparate treatment)).

[22] *Goings v. Lopinto*, No. 22-2549, 2023 WL 2709826, at *9 (E.D. La. Mar. 30, 2023) (citing *Jenkins v. La. Workforce Comm'n*, 713 F. App'x 242, 244 (5th Cir. 2017)); *Chhim*, 836 F.3d at 470 (finding that although plaintiffs do "not have to submit evidence to establish a prima facie case of discrimination at [the motion to dismiss] stage, [they must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [their] case plausible.").

[23] *Mills v. Crim. Dist. Crt. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").

[24] *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999).

[25] *Id.*; *see also Tatum v. Gardner*, No. 25-20260, 2026 WL 396353, at *1 (5th Cir. Feb. 12, 2026) (explaining that district court's "reasoning that Title VII does not allow damages claims against individual defendants" is "correct under our precedent").

defendants, Clinical Director Dana C. Lockhart and Supervising Nurse Laura. Because Title VII claims cannot be brought against employees, any claim asserted against them should be dismissed.

**C. <u>Title VII – Retaliation</u>**

Again, the three elements of a prima facie case of retaliation under Title VII are: "(1) that the plaintiff engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action."[26] An employee engages in activity protected by Title VII if she has either (1) opposed a practice made unlawful by Title VII or (2) "made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under Title VII."[27] "[T]he opposition clause does not require opposition alone; it requires opposition of a practice made unlawful by Title VII."[28] Thus, an employee "cannot simply complain that she received unfair or undesirable treatment."[29] Under Fifth Circuit precedent, "a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity."[30] The employee must refer "to conduct that could plausibly be considered discriminatory in intent or effect, thereby alerting the employer of its discriminatory practices."[31]

In her Amended Complaint, Plaintiff alleges that "at all times relevant she was engaged in protect[ed] activities when the employer took adverse employment action against her by terminating her employment." ECF No. 12, at 2. But Plaintiff fails to identify what those

---

[26] *Abbt*, 28 F.4th at 610 ; *see also Stewart*, 586 F.3d at 331; *Evans*, 246 F.3d at 352.
[27] *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (citation modified); *see also Douglas v. DynMcDermott Petrol. Operations Co.*, 144 F.3d 364, 372–73 (5th Cir. 1998).
[28] *EEOC v. Rite Way Serv., Inc.*, 819 F.3d 235, 240 (5th Cir. 2016) (emphasis omitted).
[29] *Carter v. Target Corp.*, 541 F. App'x 413, 418 (5th Cir. 2013).
[30] *Davis v. Dall. Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011) (citing *Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 395 (5th Cir. 2008) ("Complaining about unfair treatment without specifying why the treatment is unfair . . . is not protected activity"); *Harris-Childs v. Medco Health Sols., Inc.*, 169 F. App'x 913, 916 (5th Cir. 2006) ("affirming summary judgment on retaliation claim where plaintiff never 'specifically complained of racial or sexual harassment, only harassment'").
[31] *Allen v. Envirogreen Landscape Pros., Inc.*, 721 F. App'x 322, 326–27 (5th Cir. 2017).

"protected activities" are. Although Plaintiff alleges that she was retaliated against after reporting Nurse Laura for harassment, she does not indicate that she reported any conduct prohibited by Title VII. For that reason, Plaintiff has failed to plausibly allege facts supporting a Title VII retaliation claim that could survive a motion to dismiss. Dismissal of her retaliation claim is appropriate.

**D. <u>Title VII – Hostile Environment</u>**

A hostile environment claim requires a plaintiff to establish that: "(1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; [and] (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action."[32] Title VII does not protect employees from difficult or demanding managers, nor does it protect them from harsh language by a supervisor. Rather, Title VII protects an employee from a hostile work environment based on the employee's membership in a protected class. Harassment based on a protected trait "must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[33] In other words, the workplace must be so "permeated with discriminatory intimidation, ridicule, and insult" such that it "alter[s] the conditions of the victim's employment and creates an abusive work environment."[34] Generalized harassing statements and incidents that do not center on the protected characteristic are insufficient.[35]

Harassment or conflicts with co-workers, without any indication that the harassment or

---

[32] *Grant*, 2026 WL 1945047, at *9 (quoting *Ramsey*, 286 F.3d at 268).
[33] *West v. City of Hous.*, 960 F.3d 736, 741–42 (5th Cir. 2020) (citation modified).
[34] *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citation modified).
[35] *Clark v. City of Alexandria*, 116 F.4th 472, 481 & n.12 (5th Cir. 2024) (citing *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir. 2012) (explaining that the courts "do not consider the various incidents of harassment not based on race.").

conflict was race-based, is insufficient.[36] Plaintiff does not make any allegation that her race motivated the allegedly unfair treatment. While Plaintiff provides a few examples of the alleged harassment, she does not in any way set forth any facts to even suggest that the alleged acts were motived by racial animus. Dismissal of her Title VII hostile environment claim is appropriate.

**E. <u>Louisiana Employment Discrimination Law</u>**

Plaintiff asserts that she is also seeking damages under La. Rev. Stat. 23:301, *et seq.*, Louisiana's Employment Discrimination Law ("LEDL"). ECF No. 12, at 2. Both Title VII and the LEDL prohibit discrimination.[37] The LEDL is modeled after federal law and construed in light of federal precedent.[38] Accordingly, the Court's analyses under the LEDL and Title VII are the same.[39] Plaintiff's claims asserted under the LEDL should be dismissed.

**F. <u>Futility of Amendment</u>**

The court should freely grant leave to amend a pleading when justice so requires.[40] It is not necessary, however, to afford a plaintiff an opportunity to amend when any such amendment would be futile.[41] Plaintiff has already been provided with two opportunities to show why her complaint should not be dismissed. Despite the retention of counsel and the Court's guidance through the prior orders highlighting the deficiencies in her complaint, Plaintiff has still failed to

---

[36] *Grant*, 2026 WL 1945047, at *9.
[37] LA. REV. STAT. §§ 23:303, 332.
[38] *See, e.g.*, *Smith v. Thurman Oils, Inc.*, 951 So. 2d 359, 361 (La. App. 1 Cir. 2006) ("In interpreting Louisiana's employment discrimination laws, our courts have relied upon similar federal statutes and the interpreting federal jurisprudence.").
[39] *Johnson v. Del. N. Cos., Inc.*, No. 26-1175, 2026 WL 2727896, at *4 (E.D. La. Sept. 16, 2026) ("Because the scope of the LEDL is the same as Title VII, claims under the LEDL are analyzed under the Title VII framework and jurisprudential precedent.").
[40] FED. R. CIV. P. 15(a)(2); *see also F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (noting that Rule 15(a) "evinces a strong bias in favor of granting . . . leave to amend a pleading").
[41] *See, e.g.*, *Smith v. Terrebonne Par. Crim. Just. Complex*, No. 14-2207, 2014 WL 5780696, at *3 (E.D. La. Nov. 4, 2014) (holding that amendment not required because it was clear that underlying claim was frivolous and/or failed to state a claim on which relief may be granted); *see also Matzen v. McLane*, 764 F. App'x 402, 403 (5th Cir. 2019) (noting that a plaintiff need not be given an opportunity to amend if he has already alleged his best case).

cure the deficiencies. Her complaint, as amended, should be dismissed.

That said, Plaintiff's opportunity to file objections to this Report and Recommendation (as further explained below) allows her one final opportunity to show why this case should not be dismissed.[42] If plaintiff fails to show, through timely objections, a factual basis to amend her complaint to allege plausible claims, then the Court should dismiss this case with prejudice and without further opportunity to amend.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that this lawsuit be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[43]

New Orleans, Louisiana, this 15th day of October, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[42] *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

[43] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).